UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CURTIS CRISHAUN EVANS, #L2500                                        PLAINTIFF

V.                                       CIVIL ACTION NO. 3:16-cv-144-CWR-FKB

MARSHALL FISHER, OFFICER SMITH,
AND CAPTAIN THOMAS                                                  DEFENDANTS

## REPORT AND RECOMMENDATION

This cause is before the Court on the Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [29] filed by Defendant Ethan Smith. Having considered the motion, the undersigned recommends that the motion for summary judgment be denied.

## I. Background

Plaintiff is an inmate in the custody of the Mississippi Department of Corrections ("MDOC"), who is proceeding *pro se* in this litigation, alleging violations of his constitutional rights under 42 U.S.C. § 1983 during his incarceration at East Mississippi Correctional Facility ("EMCF").[1] Plaintiff's sole claim against Defendant Ethan Smith is that on April 3, 2015, Smith, then a correctional officer at EMCF, maced Plaintiff without provocation. [1] at 4. Smith now moves for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies with regard to his claims against Smith. *See* [29].

---

[1] At the time of the filing of the complaint, Plaintiff was housed at the Mississippi State Penitentiary in Parchman, Mississippi. [1] at 1. Plaintiff is currently housed at Wilkinson County Correctional Facility in Woodville, Mississippi. [31].

1

## II. Standard of Review

"Summary judgment is appropriate if the moving party can show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Renda Marine, Inc.,* 667 F.3d 651, 655 (5th Cir. 2012) (quoting Fed.R.Civ.P. 56(a)). "A factual dispute is 'genuine' where a reasonable party would return a verdict for the nonmoving party." *Chiu v. Plano Indep. Sch. Dist.,* 339 F.3d 273, 282 (5th Cir. 2003) (quoting *Lukan v. North Forest Indep. Sch. Dist.,* 183 F.3d 342, 345 (5th Cir. 1999)). When considering a summary judgment motion, a court "must review all facts and evidence in the light most favorable to the non-moving party." *Juino v. Livingston Parish Fire Dist. No. 5,* 717 F.3d 431, 433 (5th Cir. 2013). However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003) (citing *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir. 2002)).

## III. Discussion

In his motion, Smith argues that Plaintiff's failure to exhaust his administrative remedies prior to filing this action requires that the claims against Smith be dismissed.[2] Under the relevant portion of 42 U.S.C.§ 1997e, as amended by the Prison Litigation Reform Act of 1995 ("PLRA"):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court held that 42 U.S.C. § 1997e requires an inmate to exhaust administrative remedies before bringing an action with

---

[2]Plaintiff filed no response to Smith's motion.

2

respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 532 U.S. at 734. The Supreme Court has further held that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 534 U.S. 516 (2002); *see also Jones v. Bock*, 549 U. S. 199 (2007) (reaffirming that exhaustion is mandatory; stating that it is an affirmative defense). "Failure to exhaust is an affirmative defense, such that the defendants have the burden of demonstrating that [the plaintiff] failed to exhaust administrative remedies." *Wilson v. Epps*, 776 F.3d 296, 299 (5th Cir. 2015) (citation omitted).

The Administrative Remedy Program ("ARP") employed by MDOC utilizes a two-step process, summarized recently by this Court in *Howard v. Epps*, Civil Action No. 5:12-cv-61-KS-MTP, 2013 WL 2367880 (S.D. Miss. May 29, 2013):

> Inmates are required to initially submit their grievances in writing to the Legal Claims Adjudicator within thirty days of the incident. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with the response, he may continue to the Second Step by using ARP Form ARP-2 and sending it to the Legal Claims Adjudicator. A final decision will be made by the Superintendent, Warden, or Community Corrections Director. If the offender is not satisfied with the Second Step Response, he may file suit in state or federal court.

*Howard*, 2013 WL 2367880 at *2. The First Step Response Form advises the grievant that "[i]f you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Legal Claims Adjudicator within 5 days of your receipt of this decision." [29-2] at 14.

In support of his argument that Plaintiff failed to exhaust, Smith presents the complete ARP file for the grievance filed by Plaintiff regarding the underlying incident – identified as ARP No.

3

EMCF-15-2133 – along with the affidavit of Mary Dempsey, ARP Coordinator and custodian of ARP files at EMCF. *Id.* at 1, 9-16. Plaintiff timely submitted his grievance against Smith on April 13, 2015, within thirty days after the date of the alleged incident. *Id.* at 1, 12. Because MDOC will only consider one grievance per offender at a time and Plaintiff had other pending grievances, the grievance against Smith was placed in a backlog until it was accepted into the ARP process on October 16, 2015. *Id.* at 2. On October 22, 2015, Captain Thomas completed the first step response. *Id.* at 2, 10, 14. According to Dempsey, a copy of Thomas's response was mailed to Plaintiff at the South Mississippi Correctional Institution ("SMCI"), to which Plaintiff had been transferred. *Id.* at 2. The ARP file's receipt forms indicate that Plaintiff received Thomas's response on December 16, 2015. *Id.* at 10, 15. That same day, Plaintiff executed his signature on the form and checked the box indicating that he was dissatisfied with the response and that he wished to proceed to step two of the ARP process. *Id.* at 14.

According to Dempsey, Plaintiff submitted his appeal to the second step of the process on January 7, 2016. *Id.* at 2. The only evidence in the ARP file corroborating this statement is an untitled receipt form, which contains stamps showing that an unidentified document was received on January 7, 2016, by "MSP-ARP." *Id.* at 15. Plaintiff's appeal was rejected as untimely, as it was not submitted within five (5) days of Plaintiff's receipt of the first step response. *Id.* Because the appeal to step two was rejected, Dempsey states that Plaintiff "did not complete the two-step ARP process for his grievance against Officer Smith," and Smith contends that Plaintiff failed to properly exhaust. *Id.*

As stated on the form, however, a dissatisfied grievant seeking to appeal a first step response has five (5) days to *forward* his request to the Legal Claim Adjudicator. *Id.* at 14. The ARP file is

4

silent as to when or how Plaintiff forwarded his appeal request. The file shows that Plaintiff both received the form and indicated his desire to appeal on December 16, 2015. *Id.* at 10, 14. Plaintiff had been transferred to SMCI by the time his ARP was processed, and it is possible that Plaintiff forwarded his appeal request within five days of December 16, 2015, yet it was not received by the ARP personnel at EMCF until January 7, 2016.

If Plaintiff followed the requirements set forth in MDOC's ARP policy regarding the timely forwarding of his appeal, then he has properly exhausted his remedies under it, notwithstanding MDOC's rejection of his appeal. *See Yankton v. Epps*, 652 Fed.Appx. 242, 247 (5th Cir. 2016) (finding that a failure by MDOC in administering the ARP proceeding does not prevent an inmate from proper exhaustion). In light of the lack of evidence before the Court regarding when Plaintiff submitted his appeal request and construing the facts and evidence in the light most favorable to Plaintiff, the undersigned finds that Smith has failed to meet his burden in showing that there is no genuine dispute of material fact as to whether Plaintiff exhausted his administrative remedies. Accordingly, the undersigned recommends that Smith's motion for summary judgment be denied.

### IV. Conclusion

For the reasons stated herein, the undersigned recommends that the Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [29] filed by Defendant Ethan Smith be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court.  28 U.S.C. §636; *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 15th day of March, 2017.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE